UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FCCI INSURANCE COMPANY,

    Plaintiff,

v.                                                  CASE NO. 8:17-cv-2027-T-23AAS

MOUNTAIN RECLAMATION &
CONSTRUCTION, LLC, et al.,

    Defendants.
_____/

**ORDER**

FCCI Insurance Company sues (Doc. 1) fifteen contractors for breach of an indemnity agreement. The Commonwealths of Kentucky and Virginia contracted with the defendants to "stabilize" or to "rehabilitate" several defunct coal mines. (Doc. 1-2) Because the commonwealths work only with a bonded contractor, FCCI agreed to guarantee the defendants' satisfaction of the Virginia and Kentucky contracts, and the defendants agreed to indemnify FCCI if a commonwealth claimed against an FCCI bond. FCCI paid, but the defendants allegedly failed to indemnify FCCI for, at least $227,718.89 in claims. The indemnity agreement provides that an action for breach of the indemnity agreement "shall be brought in a court of competent jurisdiction in Sarasota County, Florida." (Doc. 1-1 at 9) Moving to dismiss for improper venue and *forum non conveniens*, the defendants argue that venue is improper in the Middle District of Florida and that the defendants agreed to litigate

only in Sarasota County. Although including Sarasota County, the Tampa division sits in Hillsborough County.[1]

**DISCUSSION**

**I. Improper venue**

The complaint attempts to invoke venue under 28 U.S.C. § 89(b) and under 28 U.S.C. § 1391(b).[2] Not a venue statute, Section 89(b) lists the counties that constitute the Middle District of Florida. Section 1391(b) lays venue in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located.
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

FCCI concedes that venue in the Middle District of Florida is improper under Section 1391(b)(1). The Hurleys reside in Kentucky, and the corporate defendants reside in Kentucky or West Virginia. (Doc. 1 at ¶¶ 2–16).

According to the defendants, FCCI fails to show that a "substantial part of the events or omissions giving rise to the claim occurred" in the Middle District of Florida. In a breach-of-contract action, venue lays in the place of performance. *American Carpet Mills v. Gunny Corp.*, 649 F.2d 1056, 1059 (5th Cir. July 6, 1981).

---

[1] Local Rule 1.02(b)(4).

[2] FCCI denies the necessity for an evidentiary hearing on venue. (Doc. 34 at 5)

- 2 -

If a contract omits mentioning the place of performance and if the defendant fails to pay money owed under the contract, the breach of contract occurs where the plaintiff resides, that is, the place to which the defendant should have but allegedly failed to send money. *See, e.g.*, *Florida Nursing Home Ass'n v. Page*, 616 F.2d 1355 (5th Cir. 1980) (affirming venue in the Southern District of Florida and observing that "[n]ot only does appellant maintain a large office there but the payments which the [appellee] is seeking were allegedly due it within the Southern District where [the appellees] are located"), *rev'd on other grounds*, 450 U.S. 147 (1981)). Although the indemnity agreement identifies no address to which the defendants must send money, FCCI resides in Sarasota County. (Doc. 34-1) Because a substantial part of the "events or omissions giving rise" to the action occurred in the Middle District of Florida — the district to which the defendants should have but allegedly failed to send money — venue is proper under Section 1391(b)(2).

**II.** *Forum non conveniens*

If venue lays under Section 1391 but the parties agreed to litigate in a state court, the defendant may move to dismiss under *forum non conveniens*. *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Ct. for the Western Dist. of Tex.*, 134 S.Ct. 568, 580 (2013). Except in an extraordinary circumstance, the parties' agreement to litigate in state court deserves deference. *Atlantic Marine*, 134 S.Ct. at 581 ("[A] valid forum-selection clause should be given controlling weight in all but the most

exceptional cases.") (internal quotation omitted).  For several reasons, FCCI opposes (Doc. 34) the defendants' motion to dismiss under *forum non conveniens*.

First, FCCI argues that the indemnity agreement permits an action in the U.S. District Court for the Middle District of Florida.  But the indemnity agreement mandates suing in a "court of competent jurisdiction *in* Sarasota County."  (Doc. 1-1 at 9 (italics added))  Although the Middle District of Florida includes Sarasota County, the Tampa division sits in Hillsborough County.  Because FCCI sued in a court "in" Hillsborough County rather than a court "in" Sarasota County, FCCI violated the forum-selection provision.  *See Cornett v. Carrithers*, 465 Fed.Appx. 841 (11th Cir. Mar. 2, 2012) (remanding an action removed to a court in Duval County where the contract mandated litigating in Suwannee County); *Mobile Aggregates Recycling Servs., Inc. v. Collier Aggregates, LLC*, 2013 WL 2479782 (M.D. Fla. June 10, 2013) (Steele, J.) (dismissing an action for improper venue where the district judge sat in Lee County but the contract mandated litigating in Collier County).[3]

Second, FCCI cites a peculiar provision in the indemnity agreement and argues that FCCI's suing in Hillsborough County implicitly waived the defendants' right to enforce the forum-selection provision.  (Doc. 34 at 13–14)  The indemnity agreement provides FCCI "the right, in its sole discretion, to waive venue . . .

---

[3] In *Mosaic Fertilizer, LLC v. Van Fleet Intern. Airport Dev. Grp., LLC*, 486 Fed.Appx. 869 (11th Cir. Aug. 15, 2012) (affirming the district court's denial of a motion to dismiss for improper venue), the defendant bought land in Hardee County, and the contract mandated venue in the county "in which the Property is located." Rendering superfluous the word "in," a district judge sitting in Hillsborough County denied a motion to dismiss for improper venue and reasoned that the Middle District of Florida "includes" Hardee County. *Mosaic Fertilizer* is neither binding nor persuasive.

- 4 -

in Sarasota County." (Doc. 30-1 at 9)  But the waiver provision appears meaningless if applied literally to this circumstance.  "Venue" describes a convenient or mutually-agreed location for the litigation; in every dispute, venue lays in at least one court, whether federal, state, or foreign.  Because venue always lays somewhere, a party cannot "waive venue" entirely — but a party can waive an objection to, or a defense of, improper venue.  *See, e.g.*, *Booth v. Carnival Corp.*, 522 F.3d 1148, 1153 (11th Cir. 2008) (observing that "defendants can, and often do, waive their defense of improper venue."); Rule 12(h), Federal Rules of Civil Procedure (providing that a party waives an objection to improper venue by failing to include the defense in either a motion to dismiss or an answer).  Although permitting FCCI to waive an objection to improper venue if the defendants sue FCCI outside Sarasota County, the provision confers on FCCI no right to prohibit the defendants' enforcing the forum-selection provision when FCCI sues the defendants.[4]

Third, FCCI argues that the indemnity agreement "does not expressly exclude the federal courts." (Doc. 34 at 10)  On the contrary, the parties' agreement to venue "in Sarasota County," a county in which no federal court sits, necessarily precludes

---

[4] FCCI drafted the indemnity agreement. To the extent the "waiver" provision is ambiguous (the provision appears susceptible to one sensible interpretation—that FCCI may waive an objection to venue if sued outside Sarasota County), the ambiguity favors the defendants. *See, e.g.*, *Citro Florida, Inc. v. Citrovale, S.A.*, 760 F.2d 1231 (11th Cir. 1985) (construing an ambiguous forum-selection provision against the drafter).

suing in federal court.[5]  *See Paolino v. Argyll Equities, L.L.C.*, 2005 WL 2147931 at *4–*5 (W.D. Tex. Aug. 31, 2005) (collection decisions).

## CONCLUSION

Despite agreeing that "any suit brought upon [the indemnity agreement] shall be brought in a court of competent jurisdiction in Sarasota County" (Doc. 30-1 at 9), FCCI sued in Hillsborough County.  Because no "exceptional" circumstance in this action warrants disregarding the parties' agreement to litigate in Sarasota County, the motion (Doc. 30) to dismiss under *forum non conveniens* is **GRANTED**, and the action is **DISMISSED**.  The clerk is directed to **CLOSE** the case.

ORDERED in Tampa, Florida, on December 20, 2017.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

---

[5] Also, 28 U.S.C. § 89(b) identifies eight cities in which the Middle District may hold court but includes no city in Sarasota County.  *See United Dominion Indus., Inc. v. United States*, 532 U.S. 822, 834–36 (2001) ("[T]he mention of some implies the exclusion of others not mentioned").